IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-2-BO

| | |
|---|---|
| EVERETT WORKMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| ANDREW SAUL, ) | |
| *Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on plaintiff's motion for summary judgment [DE 20] and defendant's motion for judgment on the pleadings [DE 25]. A hearing was held on this matter before the undersigned on January 13, 2021 via videoconference. For the reasons discussed below, plaintiff's motion for judgment on the pleadings [DE 20] is GRANTED and defendant's motion [DE 25] is DENIED.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits pursuant to Title II of the Social Security Act. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) on March 20, 2018, who issued an unfavorable ruling on August 23, 2018. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

DISCUSSION

Under 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, step two asks whether the

2

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If the claimant's impairment does not meet or equal a listed impairment, then the analysis proceeds to step four, where the claimant's residual functional capacity (RFC) is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant—based on age, education, work experience, and RFC—can perform other substantial gainful work. If the claimant cannot perform other work, then the claimant is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

Here, the ALJ determined that plaintiff met the insured status requirements through December 31, 2018, and that he had not engaged in substantial gainful activity since his alleged onset date. The ALJ found plaintiff's degenerative joint disease of the knees, history of colon cancer, kidney stones, vagal syndrome, posttraumatic stress disorder, unspecified depressive disorder, and somatic symptoms disorder were severe impairments at step two, but determined at step three that plaintiff did not have an impairment or combination of impairments which met or medically equaled a disability listing. The ALJ found plaintiff to have an RFC of sedentary work but that he could frequently use his hands for fingering or handling; could occasionally perform postural restrictions; could do simple, routine, and repetitive tasks; could concentrate for two-hour segments with normal rest breaks; could not work at a production rate; and could not deal with complex decision-making, constant change, or crisis situations. The ALJ found that at step four plaintiff could not return to his past relevant work as a tractor-trailer truck driver, but that at step

3

five, in light of plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy which plaintiff could perform. Thus, a finding of not disabled was directed.

Upon review of the record and decision, the Court concludes that reversal is appropriate because the ALJ failed to give adequate weight to plaintiff's VA rating or, at a minimum, provide sufficient reasons for discounting that rating. In 2014, the VA found plaintiff 70% disabled, including the following ratings: PTSD (30%), sciatic nerve paralysis (20%), knee condition (10%), and degenerative arthritis of the spine (20%). On November 1, 2015, the ALJ recognized that the VA increased plaintiff's rating to an 80% service-related disability, with his PTSD having increased to 50%. In *Bird v. Comm'r of Soc. Sec.*, the Fourth Circuit noted that the VA and Social Security determinations are "closely related [and] a disability rating by one of the two agencies is highly relevant to the disability determination of the other agency." 699 F.3d 337, 343 (4th Cir. 2012). The court has held that "in making a disability determination, the SSA must give substantial weight to a VA disability rating." *Id.* In order to afford less than "substantial weight" to the disability determinations of other government agencies, the ALJ must give "persuasive, specific, valid reasons for doing so that are supported by the record." *Woods v. Berryhill*, 888 F.3d 686, 692 (4th Cir. 2018).

The ALJ gave no valid reasons for affording less than substantial weight to the VA decision, much less persuasive ones. Simply noting the difference in the standards employed by the VA and the Social Security Administration is insufficient to justify deviation under *Bird*. The ALJ in this case did not explain how the rating was inconsistent with the record, much less perform

4

a meaningful comparison between the medical evidence and the findings in the VA rating decision. A review of the record makes clear that this was not harmless error.

Furthermore, the RFC is not supported by substantial evidence. The ALJ never explained how he concluded based on the relevant evidence that plaintiff could perform sedentary work such as sitting six hours per day, standing or walking for two hours per day, or frequently handling and fingering. There are multiple omissions in the ALJ's RFC analysis, including discussions of his chemotherapy-induced polyneuropathy to the hands and feet and headaches triggered by PTSD. Additionally, the ALJ's found that plaintiff's obesity, while non-severe, merited consideration in the RFC, but he failed to mention it after step two. Similarly, the ALJ noted a history of colon cancer at step two, but he neglected to make any mention of the residual problems from the cancer treatment, including fatigue and neuropathy. Finally, the ALJ did not include a limitation on bending, despite finding that he had been diagnosed with vagal syndrome, which caused syncope or near syncope when plaintiff bent over.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012

5

(4th Cir. 1974). The Court in its discretion finds that reversal and remand for benefits is appropriate. The ALJ failed to give substantial weight to plaintiff's VA rating, and the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard. This is especially true when considering that plaintiff's past relevant work experience was as a tractor-trailer truck driver, which is very heavy work. When plaintiff's other medical conditions are considered in combination with the VA disability rating, there is not substantial evidence to support a denial of benefits. Reopening this case for another hearing would serve no purpose,

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that reversal is appropriate. Accordingly, plaintiff's motion for judgment on the pleadings [DE 20] is GRANTED and defendant's motion for summary judgment [DE 25] is DENIED. The decision is REVERSED and REMANDED to the Commissioner for an award of benefits. The clerk is DIRECTED to close the case.

SO ORDERED, this __15__ day of January, 2021.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE